UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRIPLE S MARINE, LLC**                             **CIVIL ACTION**

**VERSUS**                                          **NO. 15-3051**

**DIESEL TECH OF LOUISIANA, LLC**                   **SECTION "C" (3)**

### ORDER AND REASONS

Before the Court is the motion of defendant Diesel Tech of Louisiana, LLC ("Diesel Tech") to dismiss without prejudice under Rule 12(b)(1) or, alternatively, with prejudice under Rule 12(b)(6). *See* Rec. Doc. 5. Counsel for plaintiff Triple S Marine, LLC ("Triple S Marine") has advised the Court that it does not oppose defendant's motion. For the following reasons, the Court GRANTS IN PART defendant's motion as to Rule 12(b)(1) dismissal and DENIES IN PART as moot defendant's motion as to Rule 12(b)(6) dismissal.[1]

In its complaint, Triple S Marine alleges that Diesel Tech supplied two engines to Triple S Marine that, despite representations about their quality, failed after being installed in the M/V DIANNE MARIE. *See id.* at 2–3. Invoking this Court's admiralty jurisdiction, Triple S Marine asserts tort and contract claims against Diesel Tech. *See* Rec. Doc. 1. Diesel Tech contends that the Court does not have admiralty jurisdiction over either the tort or contract claims. *See* Rec. Doc. 5-1.

Diesel Tech contends that this Court lacks admiralty jurisdiction over the tort claims of Triple S Marine, because the complaint does not allege facts indicating that the harm occurred on

---

[1] Diesel Tech's motion also prays that the Court dismiss "all at Plaintiff's cost" and in its memorandum supporting its motion states, without explanation, that "All costs should be taxed to Plaintiff. Defendant also seeks general relief." Rec. Doc. 5 at 1 and Rec. Doc. 5-1 at 11. The Court is unable to determine from this language whether Diesel Tech seeks additional relief beyond dismissal of this case. Accordingly, this Order and Reasons disregards the above-quoted language as overly vague.

1

navigable waters or was sufficiently related to a maritime activity. *See* Rec. Doc. 5-1 at 2–3 (citing *Employer's Ins. Of Wausau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752, 759 n.3 (5th Cir. 1989)). In *Suwannee River Spa Lines*, the Fifth Circuit noted that admiralty jurisdiction includes tort claims only to the extent that the alleged harm occurred on the high seas in the course of maritime commerce. *See id.* Upon reviewing the complaint of Triple S Marine, the Court agrees that the complaint does not clearly allege that the tort occurred on navigable waters in the course of maritime activity. *See* Rec. Doc. 1 at 2–4. The closest the complaint comes to alleging where and under what circumstances the harm occurred, is that one of the engines failed "during vessel operation." *See id.* at 2. As such, the Court is not satisfied that it has personal jurisdiction over the tort claims of Triple S Marine.

Diesel Tech further contends that the Court does not have admiralty jurisdiction over the remaining contract claims of Triple S Marine, because the engine supply contract in question did not constitute a maritime contract. *See* Rec. Doc. 5-1 at 5–10. Admiralty jurisdiction over contract disputes only extends to maritime contracts, which concern transportation by sea, relate to navigable waters, or concern maritime employment. *See J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96, 99 (5th Cir. 1992). Courts look to the essence of the contract and assess "whether the services performed under the contract are maritime in nature." *See Gulf Coast Shell and Aggregate LP v. Newlin*, 623 F.3d 235, 240 (5th Cir. 2010) (citing *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 611–12 (1991)). A contract between a manufacturer and buyer for "construction and delivery of a vessel" does not constitute a maritime contract. *See J.A.R.*, 963 F.2d at 99.

The Court views the contract, as described in the complaint, as rather clearly constituting a non-maritime contract. The contract was for the mere supply of apparently non-customized

engines, with the installation work conducted by a party other than the supplier, Diesel Tech . *See* Rec. Doc. 1 at 2–4. This service sounds even less in maritime than construction and delivery. Were it that Diesel Tech customized the engines specifically for the operation of Triple S Marine's M/V DIANNE MARIE, or otherwise was more directly involved in the operation of the vessel, the case might be different. However, the complaint here merely states that Triple S Marine accepted delivery of the engines supplied by Diesel Tech. Without further detail, the Court cannot reasonably conclude that the contract here was maritime in nature. As such, the Court is not satisfied that it has subject matter jurisdiction over the contract claims in this matter.

Accordingly,

IT IS ORDERED that the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction of defendant Diesel Tech of Louisiana, LLC, is GRANTED. *See* Rec. Doc. 5.

IT IS FURTHER ORDERED that the Rule 12(b)(6) motion to dismiss for failure to state a claim is DISMISSED as moot. *See* Rec. Doc. 5.

IT IS FURTHER ORDERED that the complaint of plaintiff Triple S Marine, LLC is hereby DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 10th day of November, 2015

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**